UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIATECH TECHNOLOGIES, INC., | Civil Action No. 1:19-cv-11177-ADB |
| Plaintiff, | |
| v. | Hon. Allison D. Burroughs |
| ADOBE INC., | |
| Defendant. | |

**DEFENDANT ADOBE INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS

                                                                                                                              **Page**

I. VIATECH'S OPPOSITION MISCHARACTERIZES ADOBE'S EVIDENCE REGARDING ADOBE'S EMPLOYEES. ................................................................- 2 -

II. VIATECH UNJUSTIFIABLY OPPOSES TRANSFER TO DELAWARE. .................- 2 -

III. VIATECH FAILS TO ESTABLISH RELEVANT TIES TO MASSACHUSETTS. ...........................................................................................- 4 -

    A. ViaTech's Choice of Forum is Entitled to Little Weight. ..................................- 4 -

    B. ViaTech Shows the Convenience to the Parties is Furthered by Transfer. .........- 5 -

    C. ViaTech Misstates the Relevance of Witnesses in and Around Massachusetts. ...................................................................................- 5 -

IV. CONCLUSION ..................................................................................................- 7 -

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Actifio, Inc. v. Delphix Corp.*,
   No. 14-13247-DJC, 2015 WL 1243164 (D. Mass. Mar. 17, 2015) ..........................................3

*Boateng v. Gen. Dynamics Corp.*,
   460 F. Supp. 2d 270 (D. Mass. 2006) .....................................................................................5

*Brant Point Corp. v. Poetzsch*,
   671 F. Supp. 2 (D. Mass. 1987) ..............................................................................................5

*CardiAQ Valve Techs., Inc. v. Neovasc, Inc.*,
   52 F. Supp. 3d 313 (D. Mass. 2014) .......................................................................................4

*Clinical Dynamics Corp. v. Dynatech Nev., Inc.*,
   No. 93-10048-Z, 1994 WL 175026 (D. Mass. Apr. 13, 1994) ................................................2

*Dana Corp. v. Goodyear Tire & Rubber Co.*,
   No. 85-1162-W, 1985 WL 6042 (D. Mass. Sept. 30, 1985) ....................................................6

*Dress v. Capital One Bank (USA), N.A.*,
   368 F. Supp. 3d 178 (D. Mass. 2019) .....................................................................................1

*Home Owners Funding Corp. v. Century Bank*,
   695 F. Supp. 1343 (D. Mass. 1998) ....................................................................................2, 6

*U.S. ex rel. Ondis v. City Woonsocket, R.I.*,
   480 F. Supp. 2d 434 (D. Mass. 2007) .....................................................................................4

**STATUTES**

28 U.S.C. § 1404 ..............................................................................................................................1, 7

35 U.S.C. § 286 ....................................................................................................................................6

ViaTech's opposition ("Opp.") advances a new standard: transfer is unwarranted if the movant is a global company and the nonmovant can name "potential witnesses" in and around the original forum with general, dated knowledge about a party's operations. But that is not the law.

For one, this Court has granted transfer to a more convenient forum even where it happened to benefit a party with a nationwide presence, and even when—unlike ViaTech—the nonmovant was a Massachusetts resident. *See, e.g., Dress v. Capital One Bank (USA), N.A.*, 368 F. Supp. 3d 178 (D. Mass. 2019). Second, ViaTech's attempt to save venue through a laundry list of seemingly insignificant witnesses with vague, often cumulative—and, in at least one instance, patently incorrect[1]—connections to this case and this forum runs afoul of basic Section 1404 jurisprudence.

Transfer under Section 1404 is about *efficiently* resolving cases, not about balancing size disparities between parties or centering cases around as many ex-employees as possible, regardless of their connection to the dispute. Adobe has shown that the Northern District of California provides the most efficient access to evidence *actually material* to ViaTech's infringement allegations, and that Delaware provides an efficient alternative forum to hear ViaTech's claims because ViaTech has been litigating the asserted patent there for years. Transfer under Section 1404 also is aimed at placing disputes in *interested* fora. Both the Northern District of California and the District of Delaware have strong interests in this case that ViaTech largely does not dispute.

Unlike Adobe, ViaTech has few connections to its desired forum. ViaTech is not a Massachusetts company, its CEO is not a Massachusetts resident, and it has no employees. ViaTech's only legitimate Massachusetts interest is that the inventors of its patent live there. That is not enough to outweigh the many other reasons for transfer to either California or Delaware.

---

[1] As explained below, ViaTech claims that the prosecutor of the asserted patent, Gary Clapp, resides in New Hampshire, but a simple Internet search reveals that he is really located in Colorado.

**I.      VIATECH'S OPPOSITION MISCHARACTERIZES ADOBE'S EVIDENCE REGARDING ADOBE'S EMPLOYEES.**

ViaTech offers only rank speculation about the significance of Adobe engineers located in India and Washington and Adobe salespeople in Massachusetts. (Opp. at 4.) Adobe noted the existence of non-California employees to provide a more complete picture, but the *relevant* Adobe witnesses (including the managers of the non-California employees) are largely in California. In a motion to transfer, the Court "must focus on the importance of each witness." *Home Owners Funding Corp. v. Century Bank*, 695 F. Supp. 1343, 1348 (D. Mass. 1998). Adobe's opening brief ("Mot.") identified four individuals—Messrs. Steele, Brostsky, Agrawal, and Lyden—who are among the *most* knowledgeable people on functionality, marketing, and sales of the accused instrumentalities (Mot. at 5-6), *i.e.*, the topics that are most significant in a patent infringement action. *Clinical Dynamics Corp. v. Dynatech Nev., Inc.*, No. 93-10048-Z, 1994 WL 175026, at *3 (D. Mass. Apr. 13, 1994) (infringement case "concerns the genesis, development and marketing" of the accused product). Each continues to live and work in the Northern District of California, and each was supported by or works with employees in Adobe's San Francisco and San Jose offices, where core case documents and highly confidential source code are also most easily accessible. As to Joseph Jones, who recently relocated to Utah, Adobe provided a declaration from him because he is one of the most recent product managers of an accused product; the people with the most relevant knowledge of that product, however, still live in the Northern District of California. Dkt. 36-1 ¶7. And even if Mr. Jones will be a witness, he resides far closer to California than Massachusetts.

**II.     VIATECH UNJUSTIFIABLY OPPOSES TRANSFER TO DELAWARE.**

As Adobe explained in its motion, Delaware has a strong interest in litigating a case between Adobe and ViaTech because each party is a long-time Delaware citizen. Mot. at 16.

ViaTech does not address this. Instead, ViaTech only challenges Adobe's other significant interest argument: promoting judicial economy by transferring to a Delaware court familiar with ViaTech and its patent. That challenge, however, is wrong on the facts and mis-cites authority.

ViaTech first incorrectly asserts that "Adobe offers no facts to demonstrate any specific efficiency gains" from transferring to Delaware. Opp. at 19. In fact, Adobe explained that the District of Delaware "has acquired significant knowledge and experience with the '567 patent" after years of presiding over two *Microsoft* cases involving that patent. Mot. at 16. ViaTech also contends that Adobe "has pointed to no overlapping discovery" to suggest that none will exist. Opp. at 20. But Adobe simply did not find it was necessary to state the obvious: because the *Microsoft* case involves the same patent as the one asserted here, at a minimum, discovery regarding the alleged invention, claim construction, and invalidity will overlap.

On the law, ViaTech misquotes *Actifio* to advance a proposition that overlapping but non-duplicative litigations "could further judicial economy, … 'but only slightly'" favor transfer. Opp. at 20. In fact, *Actifio* concludes that where cases have "overlap," that factor "weighs significantly in favor of transfer" *even if* the cases are not "mirror identities." *Actifio, Inc. v. Delphix Corp.*, No. 14-13247-DJC, 2015 WL 1243164, at *9 (D. Mass. Mar. 17, 2015). ViaTech's quotation is from a *separate* part of the opinion addressing a distinct issue, namely, that parties may be *further* convenienced by transfer to a forum that reduces duplicative litigation. *Id.* at *7. Because the *Actifio* parties were litigating over *different* patents in different fora, the court found that the limited overlap "only slightly" favored transfer. *Id.* Thus, in playing fast and loose with its citations, ViaTech actually emphasizes that transfer to Delaware is appropriate in this case because the same patent is being litigated there and has been litigated there for years.

ViaTech's only other challenge to Delaware is the surprising claim that ViaTech would

suffer "significant hardship" if it had to litigate there. Opp. at 5. But ViaTech willingly sued Microsoft in Delaware in 2014 and again in 2017 on the same asserted patent, even though ViaTech presumably could have sued Microsoft in Massachusetts (or anywhere else). It is thus difficult to take seriously ViaTech's claim that it would now suffer hardship if it had to litigate this matter in Delaware.

## III.     VIATECH FAILS TO ESTABLISH RELEVANT TIES TO MASSACHUSETTS.

### A.     ViaTech's Choice of Forum is Entitled to Little Weight.

ViaTech argues that the "critical criterion" for deference to a plaintiff's choice of forum is "whether the case has material connections with the Commonwealth." (Opp. at 7 (citing *CardiAQ Valve Techs., Inc. v. Neovasc, Inc.,* 52 F. Supp. 3d 313, 315-16 (D. Mass. 2014) and *U.S. ex rel. Ondis v. City Woonsocket, R.I.*, 480 F. Supp. 2d 434, 436-37 (D. Mass. 2007)).) But this was not the holding of *CardiAQ*; instead, that court merely found that the movant's arguments were "simply not compelling enough" because, *inter alia*, "[o]nly one of the nine potential witnesses listed by [the movant] is domiciled within the [proposed transferee forum]." *CardiAQ*, 52 F. Supp. 3d at 315-16. As for *Ondis*, the sentence after the one quoted by ViaTech (which ViaTech omits) states that "the plaintiff's venue choice is to be given less weight if he or she selects a district court with no obvious connection to the case *or the plaintiff is a nonresident of the chosen forum*." *Ondis*, 480 F. Supp. 2d at 436 (emphasis added). Here, ViaTech's choice is entitled to little weight because it is a citizen of Delaware, resides in Florida, relinquished its Massachusetts citizenship in 2000, and has not had an office in Massachusetts since 2002. Dkt. 36-5 at 3; Dkt. 40-23 ¶4.

*CardiAQ* is further distinguishable because it was a contract and trade secret case in which both sides' evidence was critical to determining liability. *CardiAQ*, 52 F. Supp. 3d at 314. In contrast, this is a patent infringement case where liability will be determined primarily through Adobe's evidence regarding product operation and prior art. Because Adobe designed, developed,

and managed the accused instrumentalities largely out of its Northern California offices without contribution from Massachusetts employees (*see* Mot. at 4-5, 14), ViaTech has not established a "material connection" between Massachusetts and this case.

### B. ViaTech Shows the Convenience to the Parties is Furthered by Transfer.

The *Boateng v. Gen. Dynamics Corp.* case cited by ViaTech confirms that the convenience analysis focuses on costs incurred for *counsel and the party* to travel to the transferee forum. 460 F. Supp. 2d 270, 275 (D. Mass. 2006). Adobe established that the convenience factor favors transfer because ViaTech already has counsel in California and has, at most, one Massachusetts employee who would have to travel out of state. Mot. at 13. In response, ViaTech revealed that in fact it has *no* employees, whether in Massachusetts or anywhere else. Dkt. 40-23 ¶4. Instead, ViaTech has just a president in Florida—which is a multi-hour airplane ride away from Massachusetts, California, or Delaware. *Id.*[2] Accordingly, Adobe properly weighted the parties' convenience in the proposed fora.

### C. ViaTech Misstates the Relevance of Witnesses in and Around Massachusetts.

ViaTech starts from an unjustifiable premise—that it is "premature" to adjudge whether witness testimony will be cumulative—to create a laundry list of largely indistinguishable potential witnesses in and around Massachusetts. Opp. at 16. ViaTech is again wrong on the law. It is perfectly appropriate to assess whether a witness cited to justify a forum will contribute *relevant* and *new* evidence to a case. Mot. at 12 (*citing McEvily v. Sunbeam-Oster Co*., 878 F. Supp. 337, 347 (D.R.I. 1994)).[3] This is precisely the reason why, as ViaTech recognizes, "a general statement

---

[2] Mr. Sola's stated concern regarding airfare and hotel costs for witnesses (Dkt. 40-23 ¶19) is a *non sequitur*. Those individuals will be deposed where they are located regardless of where the case is litigated, and, as non-employees, ViaTech has no obligation to fund their expenses.

[3] ViaTech's contrary authority, *Brant Point Corp. v. Poetzsch*, 671 F. Supp. 2 (D. Mass. 1987), deserves little weight, as it relies on a *conferatur* citation to an out-of-Circuit authority.

as to what [a witness's] testimony will entail" is necessary to count that witness in the transfer calculus. Opp. at 13. Otherwise, litigants would be encouraged to "pad[] the numbers" rather than distill their witness lists to important and distinct sources of evidence. *See Home Owners*, 695 F. Supp. at 1348 (court "must focus on the importance of each witness" and not the number in each forum). Yet, "padding the numbers" is all that ViaTech has done.

First, ViaTech's witness list is substantially cumulative: ViaTech identifies nine persons allegedly knowledgeable of ViaTech's inventions, three for sales and marketing, and two for licensing. *See generally* Dkt. 40-23 ¶¶ 3, 6-18. Yet aside from its inventors, ViaTech fails to identify what *distinct* evidence the witnesses within each category will provide. At the same time, ViaTech does not describe the knowledge of its Florida-based CEO and declarant, Frank Sola, presumably because his testimony renders many others witnesses' testimony cumulative.

Second, ViaTech has not established that its witnesses possess relevant knowledge during the period of alleged infringement: 2011 to the present.[4] Dkt. 1 at ¶45. ViaTech does not identify a *single* individual with knowledge of ViaTech's sales and marketing after 2006.[5] Dkt. 40-23 ¶¶16-18. And while ViaTech suggests Mr. Kaufman "continues to advise" it on "commercialization" of its patents, it fails to demonstrate Mr. Kaufman (or any other person identified) has knowledge of ViaTech's licensing efforts applicable to the periods of alleged infringement. *Id.* ¶11.

Third, ViaTech does not provide evidence that its witnesses "will actually refuse to testify voluntarily or that [its] case will be prejudiced if it must rely on a deposition." *See Dana Corp. v.*

---

[4] To be clear, because ViaTech sat on its infringement claim for several years, ViaTech can only seek damages from Adobe's alleged infringement back to May 2014. *See* 35 U.S.C. § 286.

[5] And as Adobe's motion explained (and ViaTech does not refute), ViaTech appears to have not engaged a new business relationship since at least 2009. Mot. at 2-4, Dkt. 36-3 Exs. C, F-G.

*Goodyear Tire & Rubber Co.*, No. 85-1162-W, 1985 WL 6042, at *2 (D. Mass. Sept. 30, 1985). ViaTech willingly filed two cases asserting the same patent in Delaware, which suggests that ViaTech either confirmed that its witnesses would testify outside of Massachusetts or that it recognizes their testimony is unnecessary. Either way, identifying them now to avoid transfer (even to Delaware) is an attempt to pad the numbers.

Fourth, ViaTech cherry-picks Massachusetts-based customers to investigate (Opp. at 6, 12), but, as Adobe explained, alleged infringement within a district is inadequate to establish a material connection under Section 1404. Mot. at 14 (*citing Multibene Ingredients Oy Ltd. v. Strum Foods Inc.*, 658 F. Supp. 2d 250, 255 (D. Me. 2009)).

Finally, ViaTech misleads the Court in identifying its witnesses' locales. ViaTech generally identifies the current location of its witnesses via LinkedIn profiles. Dkt. 40-1 at ¶¶5, 10, 12-14. But ViaTech could not rely on Mr. Clapp's LinkedIn page because it shows that he apparently retired from legal practice in 2012 and subsequently moved to Colorado. *See* Declaration of Matthew Moffa in Support of Adobe's Motion to Transfer at Ex. A. By instead relying on Mr. Clapp's USPTO registration from when he was active, ViaTech—presumably aware that Mr. Clapp was inactive and living near Adobe's requested forum—goes too far to manufacture connections to the forum.

In sum, ViaTech's list of potentially relevant, non-cumulative third-party witnesses boils down to one or more inventors in Massachusetts, one CEO / President in Florida, and one former patent prosecutor in Colorado. This hardly justifies keeping the case in the Commonwealth.

## IV. CONCLUSION

For the foregoing reasons and those stated in Adobe's motion, Adobe respectfully requests that the Court transfer this case to the Northern District of California or to the District of Delaware.

DATED: September 30, 2019                    Respectfully submitted,


                                             */s/ Gregory F. Corbett*
                                             Gregory F. Corbett (BBO #646394)
                                             gregory.corbett@wolfgreenfield.com
                                             Elizabeth A. DiMarco (BBO #681921)
                                             elizabeth.dimarco@wolfgreenfield.com
                                             WOLF, GREENFIELD & SACKS, P.C.
                                             600 Atlantic Avenue
                                             Boston, MA 02210
                                             Telephone: (617) 646-8000
                                             Fax: (617) 646-8646

                                             Christopher Hanewicz (*pro hac vice*)
                                             CHanewicz@perkinscoie.com
                                             PERKINS COIE LLP
                                             33 East Main Street, Suite 201
                                             Madison, WI 53703
                                             Telephone: (608) 663-7460
                                             Fax: (608) 663-7499

                                             Wing H. Liang (*pro hac vice*)
                                             WLiang@perkinscoie.com
                                             PERKINS COIE LLP
                                             3150 Porter Drive
                                             Palo Alto, CA  94304
                                             Telephone: (650) 838-4300
                                             Fax: (650)838-4350

                                             Matthew Moffa (BBO #681965)
                                             MMoffa@perkinscoie.com
                                             PERKINS COIE LLP
                                             1155 Avenue of the Americas, 22nd Floor
                                             New York, NY10036
                                             Telephone: (212) 262-6900
                                             Fax: (212) 977-1649


                                             *Attorneys for Defendant Adobe Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorney of record for each party via the Court's CM/ECF filing system.

                                          */s/ Gregory F. Corbett*
                                          Gregory F. Corbett